UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Counsel for Defendants:
    Joseph M. Martin (JM 0354)
    Susanne Kantor (SK 8278)

------------------------------------------------------------X
JENNIFER MASCOLA,

                    Plaintiff,

   - against –

GENESIS BIOSYSTEMS, INC.,
JAMES D. LAFFERTY, and KIRK SLUSHER,

                  Defendants.
------------------------------------------------------------X

Civil Action No. 08 cv 6100

### DEFENDANTS, GENESIS BIOSYSTEMS, INC.'S and JAMES D. LAFFERTY'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

       Defendants Genesis Biosystems, Inc., and James D. Lafferty, by and through their attorneys, Jackson Lewis LLP, for their Answer to Plaintiff's Complaint herein state as follows:

### AS TO "INTRODUCTION"

       1.     Defendants deny the allegations set forth in Paragraph 1 of the Complaint except admit that Plaintiff purports to bring this action for slander *per se* and sexual harassment.

### AS TO "JURISDICTION"

       2.     Defendants deny the allegations set forth in Paragraph 2 of the Complaint except admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint except admit that Plaintiff purports to invoke this Court's jurisdiction under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*.

## AS TO "PARTIES"

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit that Defendant Genesis Biosystems, Inc. is a Delaware corporation.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the domicile of Kirk Slusher.

## AS TO "FACTUAL ALLEGATIONS"

8. Defendants repeat and re-allege their responses to Paragraphs "1" through "7" of the Complaint as though fully set forth herein in response to Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint except admit that Plaintiff was employed as a sales representative at certain times and one of her responsibilities was to train personnel in the proper use of certain devices.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint except admit that Plaintiff was a direct report to Slusher.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint except admit Plaintiff and Slusher attended a trade show.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint except admit that Plaintiff attended a sales meeting in Texas.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants admit the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint except admit that Plaintiff was notified by Slusher that she was being terminated.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

### AS TO THE "FIRST CAUSE OF ACTION: SLANDER PER SE"

30. Defendants repeat and re-allege its responses to Paragraphs "1" through "29" of the Complaint as though fully set forth herein in response to Paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.  Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.  Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.  Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

### AS TO THE "SECOND CAUSE OF ACTION: SLANDER PER SE"

36.  Defendants repeat and re-allege their responses to Paragraphs "1" through "35" of the Complaint as though fully set forth herein in response to Paragraph 36 of the Complaint.

37.  Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.  Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.  Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.  Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.  Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

## AS TO THE "THIRD CAUSE OF ACTION: SLANDER PER SE"

42. Defendants repeat and re-allege their responses to Paragraphs "1" through "41" of the Complaint as though fully set forth herein in response to Paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

## AS TO THE "FOURTH CAUSE OF ACTION: INJUNCTIVE RELIEF"

48. Defendants repeat and re-allege their responses to Paragraphs "1" through "47" of the Complaint as though fully set forth herein in response to Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

## AS TO THE "FIFTH CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII"

51. Defendants repeat and re-allege their responses to Paragraphs "1" through "50" of the Complaint as though fully set forth herein in response to Paragraph 51 of the Complaint.

52. Defendants admit the allegations set forth in Paragraph 52 of the Complaint except defer all questions of law to the Court.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

## AS TO THE "SIXTH CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW"

59. Defendants repeat and re-allege their responses to Paragraphs "1" through "58" of the Complaint as though fully set forth herein in response to Paragraph 59 of the Complaint.

60. Defendants admit the allegations set forth in Paragraph 60 of the Complaint except defer all questions of law to the Court.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

### AS TO THE "SEVENTH CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW"

67. Defendants repeat and re-allege their responses to Paragraphs "1" through "66" of the Complaint as though fully set forth herein in response to Paragraph 67 of the Complaint.

68. Defendants admit the allegations set forth in Paragraph 68 of the Complaint except defer all questions of law to the Court.

69. Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

## AS TO "PUNITIVE DAMAGES"

75. Defendants repeat and re-allege their responses to Paragraphs "1" through "74" of the Complaint as though fully set forth herein in response to Paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

## AS TO "CLAIM FOR RELIEF"

77. Defendants repeat and re-allege their responses to Paragraphs "1" through "76" of the Complaint as though fully set forth herein in response to Paragraph 77 of the Complaint.

78. Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81. Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82. Defendants deny the allegations set forth in Paragraph 82 of the Complaint and all claims for relief set forth in Plaintiff's "Wherefore" clause.

### FIRST AFFIRMATIVE DEFENSE

83. Plaintiff's Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief could be granted or for which the damages sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

84. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory or punitive damages may be awarded.

### THIRD AFFIRMATIVE DEFENSE

85. At all times relevant hereto, Defendants acted in good faith based on reasonable factors and have not violated any rights which may be secured to Plaintiff under any federal, state, city or local laws, rules, regulations or guidelines.

### FOURTH AFFIRMATIVE DEFENSE

86. Defendants' actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

87. Plaintiff has failed to make diligent and good faith efforts to mitigate her damages, if any, and as such, is not eligible to receive lost wages and/or other relief.

### SIXTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred, in whole or in part, by her election of remedies.

### EIGHTH AFFIRMATIVE DEFENSE

90. Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### NINTH AFFIRMATIVE DEFENSE

91. Each and every action taken by Defendants with respect to Plaintiff was justified by business necessity.

### TENTH AFFIRMATIVE DEFENSE

92. Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

### ELEVENTH AFFIRMATIVE DEFENSE

93. Plaintiff has failed to satisfy the statutory prerequisites for filing some or all of her claims.

### TWELFTH AFFIRMATIVE DEFENSE

94. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which attorneys' fees may be awarded.

### THIRTEENTH AFFIRMATIVE DEFENSE

95. Even if Plaintiff could prove her sex was a factor in any employment actions, which it was not, Defendants would have taken the same employment actions regardless of Plaintiff's sex.

### FOURTEENTH AFFIRMATIVE DEFENSE

96. Plaintiff's Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith for legitimate business reasons unrelated to Plaintiff's sex.

### FIFTEENTH AFFIRMATIVE DEFENSE

97. Plaintiff's claim for sexual harassment is barred and/or any recovery of damages is precluded because the Defendants exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior.

### SIXTEENTH AFFIRMATIVE DEFENSE

98. Plaintiff's claim for sexual harassment is barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of the Defendants' preventive or corrective opportunities to avoid harm otherwise.

### SEVENTEENTH AFFIRMATIVE DEFENSE

99. Plaintiff's claim for sexual harassment must be dismissed because Defendants did not aid, abet, condone, or acquiesce in any alleged unlawful conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

100. Plaintiff's claims for damages are barred, in whole or in part, by the after-acquired evidence doctrine.

### NINETEENTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims against Defendants are barred, in whole or in part, because the Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### TWENTIETH AFFIRMATIVE DEFENSE

102. Plaintiff's claims for damages are barred, in whole or in part, due to Defendants' good faith efforts to comply with applicable federal, state, city and local anti-discrimination laws.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

103. Plaintiff's choice of venue is improper under 28 U.S.C. § 1404, or in the alternative, another venue is more convenient.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

104. Plaintiff's slander claims must be dismissed, in whole or in part, because Plaintiff fails to sufficiently allege the requisite special damages as a direct result of any statements by the Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

105. Plaintiff's slander claims must be dismissed, in whole or in part, because Plaintiff fails to sufficiently allege the requisite publication of any defamatory statements by the Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

106. Plaintiff's claims for damages are barred, in whole or in part, because any statements by the Defendants were absolutely privileged or qualifiedly privileged.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

107. Plaintiff's slander claims must be dismissed, in whole or in part, for lack of the requisite specificity.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

108. Plaintiff's slander claims must be dismissed, in whole or in part, because any statements about Plaintiff attributable to the Defendants were true.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

109. Plaintiff's slander claims must be dismissed, in whole or in part, because any statements about Plaintiff attributable to the Defendants were based on opinion.

### AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM
#### Breach of Contract

110. Starting in or about July 2007, Plaintiff was employed by Defendant Genesis Biosystems, Inc., as a sales representative for its New York City Territory.

111. Plaintiff was to be compensated by a combination of salary and commissions pursuant to an agreed upon salary and commission schedule as set forth in a Responsibilities and Compensation Agreement.

112. Pursuant to the "Responsibilities and Compensation Agreement Effective July 16, 2007" (the "Agreement"), in the event the calculated commissions earned by Plaintiff did not equal or exceed $5,000 in the first three months of her employment, Plaintiff would receive a minimum commission payment in the amount of $5,000 per month for the months of August 2007, September 2007, and October 2007.

113. The difference between the aforementioned $5,000 per month paid commission and the actual calculated commission earned by Plaintiff during this time period was considered by the parties as a "draw against future commissions."

114. Pursuant to the Agreement, if a draw-balance existed at the end of Plaintiff's third month of employment, the draw-balance would be repaid by Plaintiff to Defendant

14

Genesis Biosystems, Inc. in three equal monthly installments in months 4-6 of Plaintiff's employment (November 2007, December 2007 and January 2008).

115. Pursuant to the Agreement, in the event Plaintiff's employment was terminated for any reason prior to the expiration of this 6-month time period, any remaining draw-balance as of the date of Plaintiff's termination from employment was to be repaid to Defendant Genesis Biosystems, Inc. by Plaintiff.

116. Plaintiff was terminated from employment in or about November 2007.

117. At the time of Plaintiff's discharge, a draw-balance in the amount of $11,237.85 was owed by Plaintiff to Defendant Genesis Biosystems, Inc.

118. Defendant Genesis Biosystems, Inc. communicated with Plaintiff and made several attempts to recover the unearned draw-balance from Plaintiff, including writing letters and emailing Plaintiff in November 2007, January 2008, and May 2008.

119. To date, Plaintiff has not responded to any communications sent to her regarding her obligations to repay the unearned draw-balance pursuant to the parties' written Agreement.

120. As a result of the foregoing breach by Plaintiff, Defendant has suffered economic loss and damage in an amount not less than $11,237.85.

### AS AND FOR DEFENDANTS' SECOND COUNTERCLAIM
#### Unjust Enrichment

121. Defendants repeat and re-allege each and every allegation in Paragraphs 110 through 120 of their Answer to Plaintiff's Complaint and Counterclaims, as though fully set forth herein.

122. Plaintiff has failed to pay Defendant Genesis Biosystems, Inc. the balance of the unearned commissions paid to Plaintiff pursuant to the parties' Agreement.

123.    Defendant Genesis Biosystems, Inc. has duly demanded payment of the unearned commissions advanced to Plaintiff.

124.    Plaintiff's refusal to re-pay the unearned commissions constitutes an unjust enrichment.

125.    Plaintiff is liable to Defendant Genesis Biosystems, Inc. for the value of the commissions she received, but did not earn, during her employment with Defendant.

WHEREFORE, Defendants respectfully ask this Court to:

1. Dismiss Plaintiff's Complaint and all claims for relief set forth therein;

2. Grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this meritless and vexatious action.

3. Grant Defendants' Counterclaims and award Defendants damages in an amount to be determined at trial.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404

BY: _____
Joseph M. Martin (JM 0354)
Susanne Kantor (SK 8278)

ATTORNEYS FOR DEFENDANTS
GENESIS BIOSYSTEMS, INC. AND
JAMES D. LAFFERTY

Dated:  September 3, 2008
        White Plains, New York

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JENNIFER MASCOLA,                                         :
                                                          :    Civil Action No. 08 cv 6100
                            **Plaintiff,**                :
                                                          :
    – against –                                           :
                                                          :
GENESIS BIOSYSTEMS, INC.,                                 :
JAMES D. LAFFERTY, and KIRK SLUSHER,                      :
                                                          :
                            **Defendants.**               :
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer of Defendants Genesis Biosystems, Inc. and James D. Lafferty to Plaintiff's Complaint has been electronically filed and served via First Class mail this 3rd day of September, 2008, on:

Nathaniel E. Burney (NB 4242)
747 Third Avenue, 32nd Floor
New York, New York  10017
(212) 797-2975
*Counsel for Plaintiff*

_____
Susanne Kantor